IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| LEROY SHELLEY, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Civil Action No. 17-1245-GMS |
| | ) | |
| FERRIS W. WHARTON, | ) | |
| Delaware Superior Court Judge, | ) | |
| and ATTORNEY GENERAL OF | ) | |
| THE STATE OF DELAWARE, | ) | |
| Respondents. | ) | |

**MEMORANDUM**

I.  **BACKGROUND**

In April 1998, while he was incarcerated in Pennsylvania, petitioner Leroy Shelley ("Shelley") was indicted in Delaware on charges of robbery and related charges. *See Shelley v. Filino*, 2013 WL 6092806, at *1 (D. Del. Nov. 18, 2013). On November 7, 2007, a Delaware Superior Court jury convicted Shelley, *inter alia*, of two counts of first degree robbery and two counts of possession of a firearm during the commission of a felony. The Delaware Superior Court sentenced him to a total of twenty-four and one-half years at Level V, to be suspended after serving eighteen and one-half years for decreasing levels of supervision. Shelley did not file a direct appeal. *Id.*

In February 2012, this court denied as time-barred Shelley's first petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. *See Shelley v. Att'y Gen. of Del.*, 2012 WL 379907, at *5 (D. Del. Jan. 31, 2012). Thereafter, in October 2012, Shelley filed another petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, which the court dismissed for lack of jurisdiction because it constituted an unauthorized second or successive habeas petition. *See*

*Shelley*, 2013 WL 6092806 at *2.

In June 2015, Shelley filed documents challenging his 2007 conviction on the basis that his 1998 indictment and his 2007 re-indictment were defective. *See Shelley v. Wharton*, 2015 WL 6871402, at *1 (D. Del. Nov. 4, 2015). He also contended that the Delaware Superior Court erred in denying his most recent Rule 61 motion as time-barred in *State v. Shelley*, 2014 WL 5713236 (Del. Super. Ct. Oct. 27, 2014). *Id.* Construing the documents to be requests for habeas relief, the court denied after determining that they constituted an unauthorized second or successive habeas petition. *Id.* at *1-*2.

In August 2017, Shelley filed in this court a document titled "Writ of Prohibition – Petition for Extraordinary Writ," asserting that the Delaware Superior Court lacked jurisdiction to convict him because (1) the statute of limitations had expired, and (2) the 2007 re-indictment was defective on its face. (D.I. 1 at 2)

## II. DISCUSSION

Pursuant to 28 U.S.C. § 2244(b)(1), if a habeas petitioner erroneously files a second or successive habeas petition "in a district court without the permission of a court of appeals, the district court's only option is to dismiss the petition or transfer it to the court of appeals pursuant to 28 U.S.C. § 1631." *Robinson v. Johnson*, 313 F.3d 128, 139 (3d Cir. 2002). Notably, a habeas petition is not considered second or successive simply because it follows a prior petition. *See Panetti v. Quarterman*, 551 U.S. 930, 944 (2007). Rather, a habeas petition is classified as second or successive within the meaning of 28 U.S.C. § 2244 if a prior petition has been decided on the merits, the prior and new petitions challenge the same conviction, and the new petition asserts a claim that was, or could have been, raised in a prior habeas petition. *See Benchoff v.*

2

*Colleran*, 404 F.3d 812, 817 (3d Cir. 2005); *In re Olabode*, 325 F.3d 166, 169-73 (3d Cir. 2003). In turn, federal courts are required to liberally construe *pro se* pleadings, and must "look behind the label of a motion filed by a *pro se* inmate and determine whether the motion is, in effect, cognizable under a different remedial statutory framework." *See United States v. Miller*, 197 F.3d 644, 648 (3d Cir. 1999).

The court construes the instant petition to be his fourth request for habeas relief with respect to his 2007 convictions and sentences. Shelley's first federal habeas petition was denied as time-barred, which constitutes an adjudication on the merits. *See Murray v. Greiner*, 394 F.3d 78, 80 (2d Cir. 2005). In addition, Shelley could have asserted his instant two arguments in that first petition. For these reasons, the court concludes that the pending petition constitutes a second or successive habeas petition within the meaning of § 2244.

The record reveals that Shelley did not obtain permission from the Third Circuit Court of Appeals before filing his pending habeas request. Accordingly, the court will dismiss the instant unauthorized second or successive petition for lack of jurisdiction. *See* 28 U.S.C. § 2244(b)(1); *Robinson v. Johnson*, 313 F.3d 128, 139 (3d Cir. 2002)(holding that when a second or successive habeas petition is erroneously filed "in a district court without the permission of the court of appeals, the district court's only option is to dismiss the petition or transfer it to the court of appeals pursuant to 28 U.S.C. § 1631.").

The court will also decline to issue a certificate of appealability because Shelley has failed to make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); 3d Cir. L.A.R. 22.2 (2011); *United States v. Eyer*, 113 F.3d 470 (3d Cir. 1997).

## III. CONCLUSION

For the aforementioned reasons, the court will deny Shelley's § 2254 petition for lack of jurisdiction. The court also declines to issue a certificate of appealability because Shelley has failed to make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); 3d Cir. L.A.R. 22.2 (2011); *United States v. Eyer*, 113 F.3d 470 (3d Cir. 1997). A separate order will be entered.

Oct 23, 2017
DATE

UNITED STATES DISTRICT JUDGE

4